**RED STAR TOWING & TRANSP. CO.**
**v. THE HUDSON et al.**
**THE CHIPPEWA II.**
**No. 18854.**

United States District Court
E. D. New York.

April 2, 1953.

Macklin, Speer, Hanan & McKernan and Leo F. Hanan, New York City, for libelant.

Mahar & Mason and Frank C. Mason, New York City, for claimant.

ABRUZZO, District Judge.

This libel and suit was instituted to recover damages to the tug Chippewa II, owned by the libelant, as a result of being struck by the tug Hudson, owned by the claimant, on January 21, 1948, in the vicinity of the intersection of Greenville Channel and the channel known as the Bayonne Cut.

When the collision occurred the Chippewa was running light without a tow, proceeding from Perth Amboy to Pier 18, Jersey City. Captain Flynn, the master of the Chippewa, has passed away, and the libelant's version of the occurrence of this collision was testified to by its first mate. His testimony indicates that his tug was proceeding through the Bayonne Cut in a northeasterly direction and somewhat to the right of the channel. He noticed a McAllister tug with a car float made fast on each side proceeding through the Greenville Channel. At the same time he noticed the claimant's tug Hudson proceeding through the Greenville Channel, following the McAllister tow at a distance of some 700 or 800 feet, both going in an easterly direction. There is a green flashing buoy on the southeasterly corner of the intersection of the cut and the channel as appears on the chart. The Chippewa was about 300 feet south of this buoy and the Hudson about 200 or 300 feet west of can buoy 10 which is on the northwesterly corner of the intersection. The weather was clear and the tide was flooding. The Chippewa, traveling about 8 miles an hour, was moving with the tide. The tow and the Hudson, traveling about 7 or 8 miles an hour, were going across the tide. The Chippewa holding her course and speed gave the Hudson a one-whistle signal which went unanswered. The Hudson came ahead at an angle and the first mate saw that there appeared to be danger of a collision. In order to avoid a head-on collision he stopped his engine momentarily and then went ahead under full speed with an extra jingle bell. He put her wheel hard aport to throw the stern hard to starboard and to take the blow off the stern. Just as he turned the stern away from the Hudson, the Chippewa was struck on the port side aft about 20 feet from the stern. Immediately following the collision there was a conversation between the captains of the Chippewa and the Hudson at which time the captain of the Chippewa told the captain of the Hudson that he would have avoided trouble if he had stopped or put his wheel hard to starboard. The Hudson's captain then stated, "Well, I was stopped and you know I have got a hand gear."

Purdy, the captain of the McAllister tug, testified that he was at the wheel of his tug and a deck hand was with

him in the pilot house. The pilot house was very high and had windows all around it so that he could see in all directions. He left the Greenville float bridge with two loaded car floats in tow on the north side of the float bridge, and as he passed the end of Pier B he saw the Hudson coming out of the south side, astern of him. He entered the Greenville Channel and proceeded in an eastern direction on the southerly side of the channel. He kept looking astern and saw the Hudson tailing the starboard float about 40 or 50 feet behind it. He saw the Chippewa coming up the Bayonne Cut favoring the starboard side of the cut. Just before it reached his tow, the Chippewa made a swing to starboard and then swung hard to left, passing under the stern of the floats and out of his sight about 100 feet away. Immediately thereafter he heard a one-whistle signal, looked around, and saw the Chippewa cut across the stern of the float, crossing the bow of the Hudson, and then saw both tugs collide about 70 or 80 feet behind the stern of his float. He made a report of the accident (Exhibit A, in evidence) which reads as follows:

"Jan. 21, 1948.
1:45 P.M.

Chippewa bound north in Bayonne channel. Hudson bound east in Greenville channel. Hudson close astearn of G.M. McAllister with floats L.I. 26 port & N.H. 63 on starboard side in tow. G.M. was bound east in Greenville channel & ~~just cleared~~ was just about to clear Bayonne channel when collision occurred.

Chippewa came close under stearn of N.H. 63 & attempted to cross bow of Hudson blowing one whistle at the last moment. The bow of the Hudson came in contact with port side of Chippewa port side just forward of after side bits.

Weather—Hazy
Tide—Ebb
Visability—one mile."

Ornston, captain of the Hudson, testified that as he left the bulkhead south of Pier B he fell 40 or 50 feet behind the McAllister tow on the northerly side of the aftercorner of the starboard float in order to watch its quick water and navigate by watching it so as to be able to pass the tow when an opportunity presented itself. He first saw the Chippewa in the Bayonne Cut proceeding in a northerly direction well to the starboard side of the tow, coming up quite fast, but he continued in his position directly behind the starboard float. The Chippewa disappeared momentarily from his view and he again saw it about 75 or 100 feet away. He thought it was going to go astern of his tug but instead it blew one whistle and changed its course to starboard. He did not have time to blow any signals or do any other thing but ring bells. When the Chippewa was about 30 feet away he yelled, "You are going to need a whole lot more than that." Up to the time he heard the one-whistle signal he had been traveling full speed ahead, but then reversed his engine, and at the time of the collision his engine was full speed astern. He also testified that he had a hand steering gear and stated that the collision occurred about 100 feet north and 30 feet west of the green flashing buoy.

Zurich, the deck hand on the McAllister tow, practically corroborated his captain.

The case presents purely a question of fact. The Anchorage Chart in evidence indicates that these two channels are comparable to two streets. These two tugs seem to have seen each other at about relatively the same distance from the point of collision and were both traveling at relatively the same speed. While a one-whistle signal was given by the Chippewa and unanswered by the Hudson, this does not become very material because these boats were in plain view of each other. I have some doubt as to the testimony of the captain of the McAllister and some doubt as to the testimony of the captain of the Hudson. I question whether the Hudson was traveling 40 or 50 feet behind the McAllister, and it is pretty difficult to conceive that

the captain of the McAllister saw all that he claimed to have seen.

I believe the captain of the Chippewa was guilty of bad navigation. Undoubtedly, the Hudson was somewhere behind the McAllister and for the Chippewa to attempt to maneuver behind the stern of the McAllister and in front of the bow of the Hudson was extremely dangerous. Careful navigation would have dictated that he go astern of the Hudson.

The libelant's case rests solely upon the testimony of the mate, whereas, the three witnesses called by the claimant in many respects corroborated the finding that the captain of the Chippewa was careless and negligent in the manner in which he maneuvered his tug.

The burden of proof is upon the libelant. It has not sustained this burden and, therefore, a decree should be entered in favor of the claimant.

Submit findings of fact, conclusions of law, and a decree in accordance with this opinion.